UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Anyiam Anyanwu, | Case No. 18-cv-707 (NEB/TNL) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Board of Immigration Appeals, | |
| Respondent. | |

Anyiam Anyanwu, Minnesota Security Hospital – Forest View North, 100 Freeman Drive, St. Peter MN 56082 (*pro se* Petitioner); and

Ana H. Voss and Ann M. Bildsten, Assistant United States Attorneys, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis MN 55415 (for Respondent).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on a petition pursuant to 28 U.S.C. § 2241 for a writ of habeas corpus. (ECF No. 1). This action has been referred to the undersigned for a report and recommendation to the Honorable Nancy E. Brasel, United States District Judge for the District of Minnesota, under 28 U.S.C. § 636 and Local Rule 72.2(b). Based on all the files, records, and proceedings herein, and for the reasons set forth below, this Court recommends that the petition be transferred for lack of jurisdiction.

I. PROCEDURAL BACKGROUND

Petitioner Anyiam Anyanwu is a native and citizen of Nigeria. (Jan. 24, 2018 Decision of the Board of Immigration Appeals, File No. A071-486-354, ECF No. 9-1, at


2 (hereinafter "Jan. 24, 2018 BIA Decision"); ECF No. 12, at 1). On July 22, 1997, an immigration judge denied Anyanwu's application for asylum and withholding of removal but granted his request for voluntary departure in lieu of deportation, with an alternate order of deportation should he fail to self-deport as directed. (Decl. of Eric. J. O'Denius ¶ 4, ECF No. 9; *see* Jan. 24, 2018 BIA Decision, at 2). Anyanwu appealed, which the Board of Immigration Appeals ("BIA") dismissed on July 24, 1998. (O'Denius Decl. ¶ 5; Jan. 24, 2018 BIA Decision, at 2; *see* Pet. ¶ 11(c), ECF No. 1). Thus, the deportation order became effective August 23, 1998. (O'Denius Decl. ¶ 6).

On May 1, 2003, Anyanwu "allegedly shot H.I. while she was seated in her car, in her garage." *State of Minnesota v. Anyanwu*, 681 N.W.2d 411, 412 (Minn. Ct. App. 2004); (ECF No. 12-1, at 58) ("Anyanwu allegedly shot the sister of his ex-girlfriend three times which left her paraplegic"). Anyanwu was arrested by the Brooklyn Park Police Department, (O'Denius Decl. ¶ 7), and charged with "attempted first-degree murder, and first- and second-degree assault," *Anyanwu*, 681 N.W.2d at 412. ICE then lodged a detainer. (O'Denius Decl. ¶ 7). While the record is not entirely clear, Anyanwu was at some point placed in the Minnesota Security Hospital due to his mental illness, specifically schizophrenia. (ECF No. 12-1, at 58, 80 (noting Anyanwu was found incompetent to stand trial on January 12, 2005 and spent various stretches between the Minnesota Security Hospital and the standard Minnesota prison system); ECF No. 12, at 1; ECF No. 17, at 1). On January 9, 2015, ICE lifted its detainer because of Anyanwu's psychological condition, but the deportation order remains in effect. (O'Denius Decl. ¶ 8).

On June 4, 2017, Anyanwu sought to reopen his immigration proceedings with the BIA. (Jan. 24, 2018 BIA Decision, at 2).[1] The BIA noted that "an alien is entitled to file only one motion to reopen and the motion must be filed not later than 90 days after the final administrative order of deportation," and because the final administrative order was entered on July 24, 1998, Anyanwu's motion was untimely. (Jan. 24, 2018 BIA Decision, at 2). The BIA next considered Anyanwu's contention that his proceedings should be reopened on the grounds that he was ordered deported in absentia, his failure to appear was because he suffers from mental illness, and changed country conditions warrant reopening. (Jan. 24, 2018 BIA Decision, at 3). Ultimately, the BIA concluded that Anyanwu did not show that his untimely motion qualified for an exception to the filing deadline and it denied his request. (Jan. 24, 2018 BIA Decision, at 3–4).

Anyanwu remains in custody at the St. Peter Security Hospital, a State of Minnesota facility. (O'Denius Decl. ¶ 9; *see* Pet. ¶ 2 (listing address at Minnesota Security Hospital in St. Peter, Minnesota)). In his Petition, however, Anyanwu checked a box that said he is challenging his immigration detention. (Pet. ¶ 5). In response to a question that asked the date that Anyanwu was taken into immigration custody, he wrote: "I am in the Minnesota State Hospital." (Pet. ¶ 11(a)).

Anyanwu filed the instant habeas petition, pursuant to 28 U.S.C. § 2241, asking the Court to "review and reopen" his deportation case on two grounds: (1) he was ordered deported in absentia; and (2) there has been a change in circumstances due to his serious

---

[1] Simultaneously, Anyanwu filed a motion to reopen his immigration proceedings directly with the immigration court. (Jan. 24, 2018 BIA Decision, at 2 n.1). The immigration court denied Anywanu's request on June 13, 2017 based on lack of jurisdiction. (Jan. 24, 2018 BIA Decision, at 2 n.1).

and persistent mental illness. (Pet. ¶¶ 6, 15). Respondent notes that Anyanwu is not in the custody of the BIA or ICE, so habeas relief is unavailable in the first instance. (ECF No. 8, at 3). Moreover, Respondent argues that any review of the BIA's decision on Anyanwu's motion to reopen his immigration proceedings lies exclusively with the Eighth Circuit Court of Appeals. (ECF No. 8, at 4). As such, Respondent asks that the habeas case be dismissed or transferred to the Eighth Circuit.[2]

## II. ANALYSIS

Habeas corpus relief

shall not extend to a prisoner unless—
(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
(3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
(4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
(5) It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241(c). "An individual is held 'in custody' by the United States when the United States official charged with his detention has 'the power to produce' him." *Munaf v. Green*, 553 U.S. 674, 686 (2008) (quoting *Wales v. Whitney*, 114 U.S. 564, 574

---

[2] Anyanwu filed a letter on May 1, 2018 following Respondent's Response, in which he interpreted the Response as an order of this Court. (ECF No. 11). Anyanwu thereafter filed further responsive documents to Respondent's Response, (*see* ECF Nos. 12, 14, 16, 17), which this Court interprets as his reply.

4

(1885)). This is because the writ, if issued, is "directed to the person having custody of the person detained." 28 U.S.C. § 2243.

Here, Anyanwu is not held by federal authorities, but state authorities. There is no indication, other than Anyanwu's assertions, that he is being held in immigration custody of any sort. There is no rational factual basis to support Anyanwu's suggestion that Minnesota authorities are holding him pursuant to an ICE detainer or on behalf of ICE in some other way. *See Orellana v. Nobles Cty.*, 230 F. Supp. 3d 934, 944–46 (D. Minn. 2017) (noting that ICE detainers do "not provide a constitutionally sufficient basis" to further detain an individual). Rather, Anyanwu weaves together two separate factors: (1) his Minnesota detention as a result of his mental illness and criminal proceeding and (2) his active deportation order. Absent any custody "under or by color of the authority of the United States," 28 U.S.C. § 2241(c)(1), the Court cannot grant Anyanwu the relief he seeks. Nor is Anywanu "in custody in violation of the Constitution or laws or treaties of the United States." Rather, the uncontested, objective reality is that Anyanwu's custody stems from Minnesota state proceedings that he does not contest or challenge. As such, federal habeas relief is unavailable to Anyanwu.

To the extent Anyanwu seeks to challenge the deportation order, the BIA's decision denying his motion to reopen his deportation proceedings, or any other immigration decision, this federal district court lacks jurisdiction. "Pursuant to § 106 of the REAL ID Act, a petition for review to the courts of appeal is the exclusive means of review of an administrative order of removal, deportation, or exclusion." *Tostado v. Carlson*, 481 F.3d 1012, 1014 (8th Cir. 2007) (citing 8 U.S.C. § 1252(a)(5)).

5

> Under § 106(c) of the REAL ID Act, district courts no longer have habeas jurisdiction to review final orders of review; instead, any habeas corpus petition pending in the district court in which an alien challenges a final administrative order of removal, deportation, or exclusion must be transferred by the district court to the appropriate court of appeals.

*Tostado v. Carlson*, 481 F.3d at 1014; *Skurtu v. Mukasey*, 552 F.3d 651, 655 (8th Cir. 2008).

Anyanwu's filing, while styled as a habeas petition, has the main focus of challenging his deportation order and subsequent BIA proceedings. As noted above, Anyanwu asks the Court to "review and reopen" his deportation case on two grounds: (1) he was ordered deported in absentia; and (2) there has been a change in circumstances due to his serious and persistent mental illness. (Pet. ¶¶ 6, 15; ECF No. 3). Anyanwu has reiterated this request in his more recent filings. (ECF No. 11, at 1 ("On June 4, 2017, I filed a motion to reopen my immigration removal and deportation order with the United States District Court, District of Minnesota. . . . I am attempting to appeal the order for my deportation . . . ."); ECF No. 12, at 1 (asking the Court to "reverse his illegal immigration status and reinstate his approved political asylum in the United States"); ECF No. 14 (moving for an injunction of any deportation)). Because Anyanwu is challenging his deportation order, this Court lacks jurisdiction to consider his challenge. *Codina v. Chertoff*, 283 F. App'x 432, 433 (8th Cir. 2008) (per curiam) ("To the extent Codina's [§ 2241] petition challenged her detention based on alleged procedural and clerical flaws in her removal proceedings, it essentially challenged her removal order, which the district court lacked jurisdiction to review in a habeas proceeding."). As such, this proceeding must be transferred to the Eighth Circuit Court of Appeals. *See, e.g.*,

*Haider v. Gonzales*, 438 F.3d 902, 910 (8th Cir. 2006) (concluding that the district court "rightly complied with the REAL ID Act by transferring [petitioner's] habeas case" to the Eighth Circuit where it did "nothing more than attack the [immigration judge's] removal order"); *Tostado*, 481 F.3d at 1014; *Skurtu*, 552 F.3d at 655–58.

### III.   RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Anyanwu's Petition, (ECF No. 1), and this entire proceeding be **TRANSFERRED** to the United States Court of Appeals for the Eighth Circuit.

Date: September 27, 2018              *s/ Tony N. Leung*
                                     Tony N. Leung
                                     United States Magistrate Judge
                                     District of Minnesota

                                     *Anyanwu v. BIA*
                                     Case No. 18-cv-707 (NEB/TNL)

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).